USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/25/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZHANG,

                **Plaintiff,**

     -against-

WESELEY, ET AL.,

                **Defendants.**

23-cv-00014 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On April 10, 2023, the Court held a pre-motion conference. The Plaintiff was granted leave to amend her complaint and Defendants' requests to file a motion to dismiss was denied. ECF No. 21. The Court ordered the parties to file a joint status report on or by April 24, 2023 advising the Court if Defendants still wish to move to dismiss Plaintiff's amended complaint. *Id*. If so, the parties were directed to include a proposed briefing schedule. *Id*.

On April 14, 2023, Plaintiff filed an amended complaint. ECF No. 22. On April 18, 2023, the parties filed a joint status report ("JSR"). ECF No. 23. The Defendants proposed filing a motion to dismiss on May 25, 2023. *Id*. In the JSR, the parties explain that "Plaintiff has rejected this briefing schedule, requesting that the motion be made by May 5, 2023, citing FRCP 12(a)(1)(A)." Plaintiff filed a letter on April 18 requesting that Defendants move to dismiss by May 5, 2023. ECF No. 24. Plaintiff cites to Rules 12(a)(1)(A) and 15(a)(1)(A) in explaining her opposition to the Defendants' proposed schedule. *Id*. On May 18, 2023, the parties filed a revised joint status report (the "Revised JSR") where Defendants propose a new briefing schedule and Plaintiff elaborated on her opposition to Defendant's briefing schedule. ECF No. 25.

In her letter, Plaintiff argues that the Defendants "simply declares their intention to get the denied motion re-reviewed or reconsidered 45 days after denial or 41 days after the Amended Complaint is served in violation of local rules and Rule 15(a)(1)(A)." ECF No. 24. Plaintiff refers to the Defendants' pre-motion conference letters, ECF Nos. 16, 18, as the Defendants' "first pre-answer motion to dismiss" and that the Court "has already [] denied" the motion to dismiss on April 10, 2023. *Id.* Plaintiff goes on to argue that because she filed her amended complaint on April 14, the Defendants must file an answer or pre-answer motion by May 5, 2023 pursuant to Rule 15(a)(1)(A). *Id*. She explains that any motion filed after May 5, 2023 would be untimely and duplicative. *Id*. In the Revised JSR, Plaintiff argues that the parties should strictly follow Fed. R. Civ. P. 15(a)(1)(A) and Local Rule 6.1(b), and that Defense counsel fails to show "a valid cause to delay or ask for an extension of time." ECF No. 25 at 2. Additionally, Plaintiff asserts that Defendants have not been enjoined by this Court, the Federal Rules, the Local Rules, or this Court's Individual Practices "from submitting their pre-answer motions immediately." *Id*.

Rule 15 states that "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Rule 12 states that "[u]nless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) a defendant must serve an answer with 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Local Rule 6.1(b) states that "[o]n all civil motions, petitions, and applications, other than those described in Rule 6.1(a), and other than petitions for writs of habeas corpus, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving

papers, and (3) any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers." L.R. 6.1(b).

Plaintiff's arguments are inapplicable here. Under this Court's Individual Practices, "a pre-motion conference with the Court is required before making any motion." *See* Individual Practice 2(A), Andrew L. Carter Jr. "If a pre-motion conference is requested in connection with a proposed motion to dismiss, the request will stay the deadline for the requesting party to move or answer." *Id*. When the Defendants filed pre-motion conference letters, ECF Nos. 16, 18, the Court did not construe these letters as a motion to dismiss. Instead, the Defendants were simply seeking permission from the Court to file their anticipated motion to dismiss. At the pre-motion conference held on April 10, 2023, I denied the Defendants' request to file a motion to dismiss because I granted Plaintiff permission to amend her complaint. ECF No. 21. Therefore, I have not already denied Defendants' motion to dismiss. Additionally, by directing the parties to propose a briefing schedule I had stayed any deadline to respond to the amended complaint. Defendants' request to file a motion to dismiss after May 5, 2023 is proper and their motion to dismiss will not be considered untimely or duplicative.

The Court acknowledges that the Plaintiff objects to the Defendants' proposed briefing schedule and that she may desire a more expedited schedule. The parties are directed to adhere to the following briefing schedule.

**Opening Brief:**   June 8, 2023

**Opposition:**   July 7, 2023

**Reply:**   July 21, 2023

If the parties wish to propose an alternative briefing schedule, they may do so by filing a letter on or before **May 31, 2023**.

**SO ORDERED.**

Dated:    **May 25, 2023**
           **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**