UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZHANG, <br><br> Plaintiff, <br><br> -against- <br><br> WESELEY, *et al.*, <br><br> Defendants. | 23-cv-00014 (ALC) <br><br> **OPINION & ORDER** |

**ANDREW L. CARTER, United States District Judge:**

Before the Court is *pro se* plaintiff Zhang's ("Plaintiff") motion to disqualify Charles Anthony Franchini and Shari Danielle Steinfeld of Amabile & Erman, P.C. due to alleged conflicts of interest as to their joint representation of defendants Peter Weseley, NYU Langone Eye Center, NYU Grossman School of Medicine, and Michael Browdy ("Amabile Codefendants"). For the reasons stated below, Plaintiff's motion is **DENIED**.

Generally, "[c]ourts in this Circuit show considerable reluctance to disqualify attorneys because disqualification has an immediate adverse effect on the client by separating him from counsel of his choice and because disqualification motions are often interposed for tactical reasons [a]nd even when made in the best of faith . . . inevitably cause delay." *Sanchez v. Hoosac Bank*, 2014 U.S. Dist. LEXIS 45105, at *6 (S.D.N.Y. Mar. 31, 2014) (citing *Board of Ed. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)) (internal quotation marks omitted). "[D]isqualification is called for only when an attorney's conduct tends to taint the underlying trial." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016). Therefore, reviewing courts must take a "restrained approach that focuses primarily on preserving the integrity of the trial process." *U.S. Football League v. National Football League*,

1

605 F. Supp. 1448, 1452 (S.D.N.Y. 1985) (quoting *Armstrong v. McAlpin*, 625 F.2d 433, 444 (2d Cir. 1980), *vacated on other grounds and remanded*, 449 U.S. 1106 (1981)) (internal quotation marks omitted). In civil cases, a conflict arises only where "counsel actively represented conflicting interests and . . . an actual conflict of interest adversely affected [counsel's] performance during trial." *Anderson v. Cahill*, 417 F. App'x 92, 93 (2d Cir. 2011) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 115 (2d Cir. 2006)) (internal quotation marks omitted). The movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur, and that the likelihood of prejudice occurring . . . is substantial." *Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (internal citation omitted).

Plaintiff raises several purported grounds upon which the Amabile Codefendants are conflicted with one another. ECF No. 46 ("Mot."). These allegations are as follows:

1. The NYU-affiliated Amabile Defendants may wish to shift liability towards or allocate greater fault to Defendant New York Eye and Ear Infirmary of Mount Sinai ("NYEEI") which would conflict with Defendant Weseley's interests because Weseley worked at NYEEI during the relevant time period.

2. Some Amabile Defendants may wish to allocate greater fault to others amongst themselves.

3. Some Amabile Defendants may wish to contest Plaintiff's claims whereas others may seek to dispute only damages.

4. Some Amabile Defendants may wish to settle whereas others may wish to proceed with litigation.

5. Joint representation of the Amabile Defendants would inhibit individualized settlement discussions.

6. Amabile Defendants may not all be fully covered under malpractice insurance, creating a conflict over the allocation of coverage. Additionally, conflicts over the payment of legal fees may arise as well in such a scenario.

7. Other past insurance policies may place the Amabile Defendants at odds with one another.

8. NYU-affiliated Amabile Defendants may make crossclaims against Defendant Weseley for indemnification.

9. Counsel may learn of confidential information regarding one Amabile Defendant that hurts another's case.

10. Defendant NYEEI may have to indemnify Defendant Weseley.

11. Current NYU-affiliated employees may have to testify against Defendant Weseley, thereby limiting counsel's ability to cross-examine those witnesses.

12. Defendant Weseley may have separate employment claims or disputes against NYEEI.

13. Counsel may lack access to relevant records from NYEEI relevant to Defendant Weseley's defense.

Mot. at 1-2. Most of Plaintiff's submissions in support of her motion present no factual allegations or evidence at all. This Court, reading Plaintiff's submissions generously, identifies only a single factual allegation in her Reply submission at ECF No. 61 ("Reply"). There, Plaintiff argues that joint counsel, by virtue of their alleged conflict of interest, is "less inclined to fully explore or disclose evidence that could exacerbate the conflict." Reply at 2. Plaintiff goes on to state that, due to this disinclination, joint counsel has made it more difficult for Plaintiff to ascertain who allegedly destroyed Plaintiff's medical records. Reply at 2. Even

crediting Plaintiff's factual allegation as to the alleged difficulty she has faced in attempting to identify a culprit, this argument puts the cart before the horse. Instead of first presenting factual allegations or evidence of a conflict and arguing how that would taint the underlying trial as is necessary, Plaintiff begins with the unsupported assumption that joint counsel is conflicted and then alleges she herself has been prejudiced as a result. This is plainly insufficient. *See Razzoli v. City of N.Y.,* No. 16-CV-7136 (LGS) (JLC), 2021 U.S. Dist. LEXIS 9640, at *3 (S.D.N.Y. Jan. 19, 2021) (dismissing motion to disqualify where "[p]laintiff has neither made any factual allegations regarding, nor proffered any evidence establishing, a conflict of interest . . . that would taint the underlying trial").

Plaintiff has not met her burden of showing that a conflict of interest exists in counsel's concurrent representation of Dr. Weseley and the other defendants. Even if she had, "clients can waive or cure their attorney's concurrent-representation conflicts by giving informed written consent." *Akagi v. Turin Hous. Dev. Fund Co.*, No. 13 Civ. 5258 (KPF), 2017 WL 1076345, at *9 (S.D.N.Y. Mar. 22, 2017) (citation omitted). A waiver is "knowing and intelligent when a defendant shows that he is 'aware of and understands the various risks and pitfalls'" of proceeding despite counsel's potential conflict. *Williams v. Meachum*, 948 F.2d 863, 866 (2d Cir. 1991) (quoting *United States v. Curcio*, 680 F.2d 881, 888 (2d Cir. 1982)). Upon a defendant's "knowing and intelligent" waiver of a conflict, the court may accept the waiver. *Id.* Here, defense counsel has stated that Dr. Weseley "is fully aware that undersigned counsel will represent him in addition to the "NYU Defendants . . . . [and] expressed no objection to same." ECF No. 53 at 12 ("Opp."). Therefore, Dr. Weseley has made a knowing and intelligent waiver of any potential conflict of interest, and the Court will accept his chosen counsel. On March 15, 2024, defense counsel submitted an affidavit confirming that NYU Defendants

4

waived their any potential conflicts in counsel's representation of NYU Defendants and Dr. Weseley.  ECF No. 71.

The remainder of Plaintiff's submissions, at best, "amount to premature speculation, which falls far short of the evidence necessary to meet the high burden required for disqualification motions.  *Id.* at *5.  Because of this, Plaintiff's motion is **DENIED**.

**SO ORDERED.**

**Dated:**       **March 15, 2024**
                **New York, New York**                       **ANDREW L. CARTER, JR.**
                                                                        **United States District Judge**