```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
HONGWEI ZHANG,                                                     :
                          Plaintiff,                               :
              -against-                                            :   23-cv-00014 (ALC)
                                                                   :
PETER WESELEY, NEW YORK EYE & EAR                                  :
INFIRMARY, NYU LANGONE HEALTH, NYU                                 :   MEMORANDUM AND
GROSSMAN SCHOOL OF MEDICINE, and                                   :   OPINION
MICHAEL BROWDY,                                                    :
                          Defendants.                              :
------------------------------------------------------------------ X
```

**ANDREW L. CARTER, JR., District Judge:**

     Plaintiff Hongwei Zhang brings this *pro se* action for monetary damages against defendants Peter Weseley, New York Eye & Ear Infirmary ("NYEEI"), NYU Langone Health ("NYU Langone"), NYU Grossman School of Medicine ("NYU Grossman"), and Michael Browdy. This suit arises out of a surgery performed by Defendant Weseley on Plaintiff's right eye and Weseley's subsequent care and treatment, which Plaintiff's alleges resulted in the complete loss of vision in Plaintiff's right eye. Plaintiff's Second Amended Complaint alleges battery, fraudulent misrepresentation, and breach of fiduciary duty, all in connection with Plaintiff's eye surgery and subsequent care and treatment. After careful consideration and for the reasons outlined in greater detail below, Defendants' motions to dismiss are GRANTED.

## BACKGROUND

### I.   Procedural Background

     Plaintiff filed the Complaint in this case on January 3, 2023. ECF No. 1. On March 7, 2023, Defendants submitted a letter to the Court seeking a pre-motion conference prior to filing

1

pre-answer motions to dismiss. ECF No. 16. A pre-motion conference was held on April 10, 2023 and the Court shortly thereafter granted leave for Plaintiff to amend her complaint. ECF No. 21. On April 14, 2023, Plaintiff filed an Amended Complaint. ECF No. 22. On May 25, 2023, the Court granted the Defendants' request to make pre-answer motions to dismiss, ECF No. 26, which were briefed and filed on June 8, 2023. ECF Nos. 28, 31. On June 19, 2023, Plaintiff requested leave to file a Second Amended Complaint. ECF No. 32. On July 17, 2023, the Court granted Plaintiff leave to file a Second Amended Complaint and allowed Defendants to file pre-answer motions to dismiss the Second Amended Complaint by September 18, 2023. ECF No. 44. Plaintiff filed a Second Amended Complaint on July 20, 2023. ECF No. 47. Defendants filed their second motions to dismiss on September 18, 2023. ECF Nos. 54 (filed in error), 57, 58. Plaintiff filed her opposition on September 25, 2023. ECF No. 62. Defendants filed replies on October 2, 2023. ECF Nos. 64, 66.

## II.   Factual Background

Unless otherwise indicated, the following facts are drawn from Plaintiff's Second Amended Complaint and are assumed to be true for the purposes of this motion to dismiss. Sometime in 2014, Plaintiff consulted an ophthalmologist at NYEEI, Defendant Weseley, about discomfort in her right eye. ECF No. 47, Second Amended Complaint ("SAC") ¶¶ 7, 8, 11. Defendant Weseley explained to Plaintiff that there was a miniscule hole in her right-eye retina, adding that the hole needed repair by placing a silicone oil packet at the base of her right eye. *Id.* ¶ 11. Two surgeries on Plaintiff's right eye proceeded without issue but a third procedure, which took place on July 23, 2014, took three times longer than the prior operations and was exceptionally painful. *Id.* ¶ 11, 30. During this surgery, Defendant Weseley scraped Plaintiff's

eye. *Id.* ¶ 14. On or about July 23, 2014, after performing the surgery, Defendant Weseley told Plaintiff that her eyesight would return in a few months. *Id.* ¶¶ 12, 33.

Sometime in 2015, Plaintiff consulted another ophthalmologist, Dr. Ko, who checked Plaintiff's right eye and informed her that Defendant Weseley had removed the lens from her right eye. *Id.* ¶ 13. Plaintiff alleges that Defendant Weseley removed Plaintiff's right-eye lens without consent, which ultimately resulted in Plaintiff completely losing vision in that eye. *Id.* ¶ 30. Consequently, Plaintiff then began experiencing discomfort in her left eye. *Id.* ¶ 14.

On October 31, 2019, Plaintiff visited Defendant Weseley—who was by now affiliated with NYU Langone and NYU Grossman—on account of the left-eye discomfort. *See id.* ¶ 14. During this visit, Defendant Weseley confirmed that Plaintiff's right eye lacked light perception and was completely blind, but never admitted to removing the right-eye lens. *Id.* ¶¶ 14, 20. Plaintiff asked Defendant Weseley why he had made her blind by removing her eye lens. *Id.* ¶ 20. Defendant Weseley told Plaintiff that her right eye was already blind in the first place, even though he had previously told her on or about July 23, 2014 that she would regain her eyesight within a couple of months. *Id.* ¶¶ 20, 33. During the October 31, 2019 visit, Defendant Weseley provided to Plaintiff an unspecified treatment without her consent which resulted in the deterioration of Plaintiff's left eye. *See id.* ¶ 31.

Ever since the surgeries and treatment, Plaintiff has experienced inflammation and unbearable pain in her right eye; been diagnosed with a calcium spot on the surface of her right eyeball (for which another surgery has been recommended to her); and dealt with new spasmodic pain and vision loss in her left eye. *Id.* ¶¶ 15–16.

Additionally, Plaintiff alleges that Defendants Weseley and Browdy intentionally destroyed, redacted, altered, or concealed medical records, thus breaching their fiduciary duty owed to Plaintiff to preserve the records for this litigation. *Id.* ¶ 40.

## STANDARD OF REVIEW

In deciding on a motion to dismiss, "the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *A.F. by & Through Fogel v. Sorin Grp. USA, Inc.*, 346 F. Supp. 3d 534, 539 (S.D.N.Y. 2018) (citing *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011)). But legal conclusions, bare assertions, or conclusory allegations are not credited by default. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 686 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

Yet, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). Indeed, "the pleadings of a *pro se* plaintiff . . . should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a pro se complaint supports, it "cannot invent factual

allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

While the statute of limitations is an affirmative defense, it "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)). Thus, a 12(b)(6) motion raising a statute of limitations defense "may be granted only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (quoting *Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489, 1494 (2d Cir. 1992)). As such, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the [statute of limitations] defense." *Id.*

## DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed for failure to state a claim and because the battery and fraudulent misrepresentation claims are time-barred. Plaintiff contends that the statutes of limitations should be tolled for various reasons, citing in her Second Amended Complaint: (1) the continuing wrong doctrine; (2) the discovery rule; (3) the fraudulent concealment doctrine; (4) physical incompetence; and (5) incompetence in comprehending the claim.[1]

---

[1] In her opposition, Plaintiff further argues that she is entitled to equitable tolling, relying on inapposite precedent in which courts weighed equitable tolling when dealing with various federal causes of action. *See* ECF No. 62. The Court rejects Plaintiff's argument. As further detailed below, Plaintiff's claims are New York state law claims, so the Court applies the applicable state statutes of limitations and tolling provisions.

5

**I.**     *Tolling the Statutes of Limitations*

The Court first determines whether Plaintiff can toll the statutes of limitations applicable to her battery and fraudulent misrepresentation claims. As further explained below, any possible tolling of the statutes of limitations would still not allow Plaintiff to bring forth claims from which she is statutorily time-barred.

As a preliminary matter, Plaintiff's claims are governed by New York statutes of limitations. "Federal courts sitting in diversity jurisdiction apply the procedural statute of limitations and choice-of-law rules of the forum state . . . ." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998). Where "a plaintiff is a resident of New York, New York courts apply only New York statutes of limitations, regardless of where the events giving rise to the underlying claim occurred." *Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 424 F.2d 427, 428 (2d Cir. 1970). New York tolling statutes similarly apply to such actions: "A federal court sitting in diversity applies the forum state's statute of limitations provisions, as well as any provisions that govern the tolling of the statute of limitations." *Vincent v. Money Store*, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013) (citing *Diffley v. Allied–Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990). Although defendants bear the burden of establishing the expiration of the statute of limitation, plaintiffs bear the burden of demonstrating a statute of limitation should be tolled. *Id.*

In New York, the statute of limitations for battery is one year. *Blackwood v. Omorvan*, No. 16-CV-644, 2018 WL 816839, at *3 (S.D.N.Y. Feb. 8, 2018) (citing N.Y. C.P.L.R. § 215(3)). Defendant Weseley allegedly removed the eye lens from Plaintiff's right eye on July 23, 2014, so a related battery action should have been filed on July 23, 2015. *See* SAC ¶ 30. Plaintiff also notes the October 31, 2019 visit with Defendant Weseley in which he gave Plaintiff

an unspecified treatment "part of which" was "without consent." *Id.* ¶ 31. A battery claim based on this visit should have been filed on October 31, 2020.

The statute of limitations in New York for "an action based on fraud" must be commenced "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." *Wen v. New York City Reg'l Ctr.*, LLC, 695 F. Supp. 3d 517, 536–37 (S.D.N.Y. 2023), *aff'd*, No. 23-7506, 2024 WL 4180521 (2d Cir. Sept. 13, 2024) (citing N.Y. C.P.L.R. § 213(8)). A fraudulent misrepresentation claim based on Defendant Weseley's circa July 23, 2014 representation to Plaintiff that she would regain her vision within a couple of months should have been filed on or about July 23, 2020. However, Plaintiff is not time-barred from pursuing a fraudulent misrepresentation claim based on Defendant Weseley's October 31, 2019 representation to Plaintiff that her right eye was already blinded in the first place; a plausible claim on this basis could be filed by October 31, 2025.[2]

### a. The Continuing Wrong Doctrine

Plaintiff does not demonstrate that any continuing wrongs could toll the statutes of limitations. "Under the continuing wrong doctrine, a series of continuing wrongs may toll the statute of limitations until the commission of the last wrongful act" but "'[t]he doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct. The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs."'" *Meimaris v. Royce*, No. 18-CV-4363, 2019 WL 4673572, at *8 (S.D.N.Y. Sept. 25, 2019), *aff'd*, No. 19-3339-CV, 2021 WL 5170725 (2d Cir. Nov. 8, 2021) (citing *Henry v. Bank of Am.*, 147 A.D.3d 599, 602 (1st Dep't 2017)). In the

---

[2] However, as discussed later in this opinion, the Court dismisses Plaintiff's fraudulent misrepresentation claim for failure to state a claim.

absence of any additional wrongs alleged by Plaintiff, the continuing effects of any discrete wrongful acts do not constitute continuing wrongs.

### b. *Discovery Rule*

Plaintiff also cannot avail herself of the discovery rule. Under New York's discovery rule, the deadline for filing is "computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." N.Y. C.P.L.R. § 214-c. Plaintiff discovered that her right-eye lens had been removed sometime in 2015. SAC ¶ 13. Applying the discovery rule, Plaintiff should have filed the claim sometime in 2016, far before January 3, 2023.

### c. *Fraudulent Concealment Doctrine*

Plaintiff's fraudulent concealment argument also falls short. Under this doctrine, "when a 'defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action.'" *Mahoney v. Beacon City Sch. Dist.*, 988 F. Supp. 395, 400 (S.D.N.Y. 1997) (citing *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir. 1983)). Like in the discovery rule analysis, any tolling under this doctrine would have extended the statute of limitations only until sometime in 2016.

### d. *Physical Incompetence*

Although Plaintiff thoroughly describes the circumstances that have rendered daily physical and emotional anguish, her physical incompetence does not warrant tolling. SAC ¶¶ 17–19. In New York, the statute of limitations period may be tolled on account of a disability of "infancy or insanity at the time the cause of action accrues." *Est. of Mandarino v. Mandarino*, 699 F. Supp. 2d 646, 654 (S.D.N.Y. 2010), *aff'd sub nom. Mandarino v. Mandarino*, 408 F.

App'x 428 (2d Cir. 2011) (citing N.Y. C.P.L.R § 208). Plaintiff cannot claim infancy and she has not demonstrated insanity. Therefore she cannot avail herself of such tolling.

### e. *Incompetence in Comprehending the Claim*

In explaining her lack of comprehension about her claim, Plaintiff cites language barriers and fruitless engagement with four lawyers from 2015 to 2018, all of whom characterized her case as an action for medical malpractice. SAC ¶ 22–23. Plaintiff adds that her limited English and lack of eyesight prevented her from processing the medical reports and understanding the complete cause of action. *Id.* ¶ 23. It was not until August 2022 that Plaintiff, through the advice of a retired lawyer from China, could understand her case as a personal injury sounding in intentional tort. *Id.* ¶ 24.

However, Plaintiff cannot demonstrate incompetence in comprehension for tolling purposes. To argue incompetence in New York, a Plaintiff's "disability must be of such a nature that plaintiff is unable to manage his business affairs and is incapable of comprehending and protecting his legal rights and liabilities." *Hedgepeth v. Runyon*, No. 96-CV-161, 1997 WL 759438, at *4 (S.D.N.Y. Dec. 10, 1997) (citing *Yannon v. RCA Corp.*, 131 A.D.2d 843, 845 (2d Dep't 1987)). Plaintiff has not demonstrated that she is unable to protect her legal rights. To the contrary, she demonstrated a dogged proactiveness by engaging with four law firms during the time she could have plausibly filed her claims.

## II.   *Battery*

For the reasons stated above, the two battery claims alleged in Plaintiff's Second Amended Complaint were not filed timely, even under any plausible tolling. Accordingly, her battery claims are dismissed for failure to state a claim.

9

**III.**     *Fraudulent Misrepresentation*

For the reasons stated above, Plaintiff did not file timely a fraudulent misrepresentation claim in connection with Defendant Weseley's circa July 23, 2014 representation to Plaintiff that she would regain her vision.  Plaintiff did file timely a fraudulent misrepresentation claim in connection with Defendant Weseley's October 31, 2019 representation to Plaintiff that her right eye was already blinded in the first place.  However, Plaintiff fails to sufficiently articulate the claim.

In New York, the tort of fraudulent misrepresentation requires Plaintiff to "show that '(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'"  *Cohen v. Koenig*, 918 F. Supp. 719, 724 (S.D.N.Y. 1996) (citing *Banque Arabe et Internationale D'Investissement v. Maryland National Bank*, 57 F.3d 146, 153 (2d Cir. 1995); *Keywell Corp. v. Weinstein*, 33 F.3d 159, 163 (2d Cir. 1994)).  But "[a] plaintiff cannot satisfy the justifiable reliance element if it 'reli[ed] on representations it knew were false[.]'"  *Merrill Lynch & Co. Inc. v. Allegheny Energy*, Inc., 500 F.3d 171, 181–82 (2d Cir. 2007) (interpreting New York law)).

Plaintiff alleges Defendant Weseley's October 31, 2019 representation to Plaintiff that she was already blind in the first place was "knowingly false" but the allegation is misapplied.  *See* SAC ¶ 38.  At the time Defendant Weseley made the statement, Plaintiff knew Defendant Weseley's representation was false, so she cannot demonstrate any reliance.  To argue otherwise would undermine Plaintiff's claims which are predicated almost entirely on the allegation that Defendant Weseley caused her to lose the vision in her right eye.  Accordingly, her fraudulent misrepresentation claims are dismissed for failure to state a claim.  Necessarily, Plaintiff's

10

vicarious liability claims against NYEEI, NYU Langone, and NYU Grossman are also dismissed.

## IV.    *Breach of Fiduciary Duty*

Plaintiff's remaining claims involve breaches of fiduciary duty by Defendants Weseley and Browdy, the latter of whom serves as the Director of Insurance at NYU Langone. SAC ¶¶ 40–44. Plaintiff argues that Defendants Weseley and Browdy breached their duty by intentionally destroying, redacting, altering, or concealing her medical records that are relevant to the litigation. *Id.* ¶¶ 3, 31, 40.

The Court need not engage deeply in the breach analysis because this claim is rendered moot by the dismissal of Plaintiff's other causes of action. Here, Plaintiff submits that the alleged spoliation prejudices her "ability to present [her] case," particularly with respect to a document submitted by Defendant Weseley disputing that the October 31, 2019 visit ever took place. *See id.* ¶ 27, 43. The Court construed liberally Plaintiff's battery and fraudulent misrepresentation claims and nonetheless concluded that the claims are fatally deficient. Assuming the spoliation in fact occurred—and irrespective of a fiduciary duty in fact existing between Plaintiff and Defendants Weseley and Browdy—Plaintiff still needed to demonstrate that the alleged breach caused harm. But even if the spoliation had not occurred, Plaintiff would have reckoned with the same result, so no harm can be attributed to Defendants' alleged conduct.

Accordingly, her breach of fiduciary claims are dismissed for failure to state a claim.

## V.    *Plaintiff is Denied Leave to Amend*

Finally, Plaintiff is denied leave to amend her claims. Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d

11

98, 105 (2d Cir. 2018). "Leave to amend, though liberally granted, may properly be denied" for, *inter alia*, futility of amendment. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has not suggested that she is in possession of facts that would cure the deficiencies identified in this ruling. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Indeed, amendment here would be futile because "[t]he problem[s] with [Plaintiff's] causes of action [are] substantive," and "better pleading will not cure [them.]" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As explained above, Plaintiff cannot overcome the time bar against her battery claims. Moreover, her fraudulent misrepresentation claim fails because—by Plaintiff's own admission—she could not rely on Weseley's representation that she was already blind because she knew that the representation was false. As a result, Plaintiff cannot demonstrate the "justifiable reliance element" needed to allege fraudulent representation. *Merrill Lynch & Co. Inc.*, 500 F.3d at 181–82 (2d Cir. 2007). With respect to Plaintiff's breach of fiduciary duty claims, amendment would also be futile because the harm alleged was prejudice in bringing her case, one which the Court concludes—on the basis of the key facts alleged in the SAC—cannot proceed even with "better pleading." *Cuoco*, 222 F.3d at 112. The Court therefore declines to grant leave to amend.

## CONCLUSION

For the aforementioned reasons, the Defendants' Motion to Dismiss is GRANTED with prejudice and without leave to amend. The Clerk of Court is respectfully directed to terminate Defendants' aforementioned motions docketed at ECF Nos. 54, 57, 58. The Clerk of Court is also directed to terminate Plaintiff's letter motion at ECF No. 72 because the Court resolved in a March 15, 2024 order the alleged conflict of interest raised by Plaintiff. *See* ECF No. 73. ("Dr. Weseley has made a knowing and intelligent waiver of any potential conflict of interest, and the Court will accept his chosen counsel.")

**SO ORDERED.**

**Dated:**     **New York, New York**
              **March 19, 2025**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**